IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FAIYAZ ELAHI, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:17-CV-74 |
| | § | |
| VALUEBANK TEXAS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

The Court is in receipt of Defendant ValueBank Texas ("VBT")'s Motion for Judicial Intervention Regarding June 15, 2017 Order, Dkt. No. 17.

In its June 15, 2017 Order, this Court granted VBT's motion to compel mediation and arbitration in this employment discrimination action brought by former VBT employee Faiyez Elahi ("Elahi"). *See* Dkt. No. 16. Specifically, on review of the "Alternate Dispute Resolution" agreement (the "Agreement") signed by the parties pursuant to Elahi's former employment at VBT, the Court found that the Agreement's fee-splitting provision, contained in its arbitration clause, was not substantively unconscionable and did not render the clause or the Agreement invalid. *Id.* The Court also noted it was in agreement with the parties that the Agreement is governed by the Federal Arbitration Act ("FAA") and mandates arbitration of Elahi's Title VII claims. *Id.* Finally, the Court observed that the Agreement "specifies that the parties agree to use mediation procedures before pursuing arbitration," contains specific procedures for appointing an arbitrator, and states that arbitration shall be conducted "in accordance with" American Arbitration Association (AAA) rules. *Id.*

VBT's instant motion informs the Court that on June 16, 2017, the day following entry of this Court's prior Order, Elahi filed a Demand for Arbitration with the AAA. Dkt. No. 17 at 2. VBT argues that the Court's prior Order precluded this action, because it demonstrated that "the Court clearly agreed with Defendant's

position that there was no requirement that the arbitration be administered by the [AAA.]" *Id.* at 3. The Court's prior Order did not state this proposition directly, but instead considered, as one non-dispositive factor, the relative impact of an AAA-administered arbitration in ruling on Elahi's argument as to the substantive unconscionability of the fee-splitting provision of the Agreement's arbitration clause. Concededly, however, the prior Order perhaps improperly suggested that Elahi's argument that the Agreement mandates an AAA-administered arbitration was in conflict with the Agreement's provision concerning the selection of an arbitrator.

For clarity of record, the Court notes that Fifth Circuit precedent establishes that where parties have, as here, agreed to submit "all" disputes arising out of an agreement to arbitration, they "commit a broad scope of questions" to arbitration. *Pedcor Management Co., Inc. Welfare Benefit Plan v. Nations Personnel of Texas, Inc.*, 343 F.3d 355, 359 (5th Cir. 2003); *Vallejo v. Garda CL Southwest, Inc.*, 948 F.Supp.2d 720, 726 (S.D. Tex. 2013) ("In accordance with a valid delegation clause, questions of arbitrability. . . must go to an arbitrator.") In such cases it is for the arbitrator to decide disputes between the parties as to how an arbitration shall be administered,[1] and whether a condition precedent to arbitration has occurred. *See Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452-53 (2003); *see also Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002).

For the foregoing reasons, the Court **DENIES** ValueBank Texas's Motion for Judicial Intervention, Dkt. No. 17.

SIGNED this 26th day of June, 2017.

_____
Hilda Tagle
Senior United States District Judge

---

[1] Additionally, courts "interpret clauses providing for arbitration 'in accordance with' a particular set of rules as forum selection clauses." *PoolRe Ins. Corp. v. Organizational Strategies, Inc.*, 783 F.3d 256, 264 (5th Cir. 2015).